Eston BULLARD, Jr., Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT, etc.,
Defendants-Appellees.

No. 78–3841.

United States Court of Appeals,
Fifth Circuit.

April 2, 1980.

Peter L. Dearing (Court-appointed—Not under Act), Jacksonville, Fla., for plaintiff-appellant.

Shirley A. Walker, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants-appellees.

Before TUTTLE, BROWN and TATE, Circuit Judges.

TUTTLE, Circuit Judge:

This case, like the companion case of *Mitchell v. Hicks,* 614 F.2d 1016 (5th Cir. 1980), is an appeal from an order of the district court for the Middle District of Florida, dismissing a prisoner's 42 U.S.C. § 1983 complaint, based on an institutional reclassification and transfer, for failure to state a cause of action. We reverse and remand that decision for the same reasons we took that action in *Mitchell v. Hicks.*

Eston Bullard, Jr. was convicted in 1974 of assault with intent to murder and aggra-vated assault and sentenced to twenty years and thirty days in prison. He was incarcerated in the Union Correctional Institution, a medium security facility. In March 1975, he was transferred without notice or a hearing to a maximum security prison, Florida State Prison and to close scrutiny confinement there. A short time later, Bullard filed this lawsuit, alleging that the transfer violated his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The district court denied a request to issue a preliminary injunction.

During the years the case was pending, Bullard was again transferred back to medium security at Cross City Institution and then later to administrative confinement there and then back to Florida State Prison. After this transfer back to Florida State, the district court again denied a request to issue a preliminary injunction and then dismissed the case for failure to state a cause of action.

In its brief opinion, the district court said that under Florida Statute—Section 945.-09(4)[1] state prisoners were given neither a statutory right nor a justifiable expectation of a particular classification and placement. The court ruled that prison officials could transfer inmates "as circumstances require." The court therefore decided that Bullard could have no Fourteenth Amendment "liberty" interest at stake within the protections of the Due Process Clause.

As in *Mitchell v. Hicks,* we disagree. As we state in that case, we need not determine whether the plaintiff has proved a state-created liberty interest; we need only consider whether the plaintiff's complaint was sufficient to withstand a motion under Rule 12(b)(6) and the cases which have interpreted that rule. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). As in *Mitchell,* we find that the district court should allow the plaintiff to present evidence that Florida

---

1. Section 945.09(4) states:

   Pursuant to such regulations as it may provide, the department is authorized to transfer prisoners from one institution to another institution in the correctional system and to classify and reclassify prisoners as circumstances may require.

state regulations create a liberty interest for the sort of transfer and reclassification which occurred in this case. We therefore REVERSE and remand for proceedings not inconsistent with this opinion.